IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| SHURON E. DAUGHERTY, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 04-945-HO |
| v. | ) | ORDER |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability benefits and supplemental security income benefits. Plaintiff asserts disability based primarily on back and leg pain. The administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the (ALJ) erred in: disregarding all of the medical findings and disability opinions from the

1 - ORDER

treating physician; rejecting plaintiff's testimony; failing to properly evaluate plaintiff's residual functional capacity; failing to accurately set forth plaintiff's impairments and limitations to the vocational expert; and rejecting the witness' statements.

The ALJ noted that plaintiff's testimony and her primary medical provider's testimony supported disability, but he rejected both.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second

stage.

In this case, plaintiff has produced objective medical evidence of an underlying combination of impairments including cervical myelopathy, degenerative arthritis, and degenerative disc disease which could reasonably be expected to produce the pain alleged. See, e.g., Tr. 193, 195, 210, 217, 229-34. The ALJ found no evidence of malingering.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and

3 - ORDER

examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ did not find plaintiff's testimony entirely credible. Tr. 17. The ALJ specifically stated that there is a clear lack of objective findings to support the degree of dysfunction and level of pain, that plaintiff sought unemployment benefits during the alleged period of disability, that her work history is not extensive, and that her level of activity contradicts the alleged level of dysfunction. Tr. 17.

The ALJ's stated reasons for rejecting plaintiff's pain testimony to the extent alleged, are not based on substantial evidence. The ALJ does not refer to any specific activities that contradict her testimony and the record reflects only minimal activity. Requesting unemployment benefits is not inconsistent with plaintiff's allegations of pain and disability from full time work. See Or. Admin. R. § 471-030-0036(2)(b) (physical impairment that prevents full-time work shall not be deemed to demonstrate inability to work so long as the claimant is available for some work); Or. Admin. R. § 471-030-0036(3)(a) (available for work requires a willingness to work part-time and accept temporary work opportunities).

Of course lack of an extensive work history does not demonstrate that plaintiff's allegations of pain are not credible. In addition, the ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986). The ALJ, therefore, erred in rejecting plaintiffs disability testimony.

Plaintiff's treating physician, Dr. Inge Hindel, opined that plaintiff's symptoms limit her physical capacity to such an extent that she is unable to work on a regular full-time basis. The ALJ rejected Dr. Hindel's disability opinion because he found them to be contrary to the medical record. The ALJ concluded the reports of the specialists to whom Dr. Hindel referred plaintiff do not support his opinion. And the ALJ determined that Dr. Hindel merely credited plaintiff's subjective complaints. Tr. 19. The ALJ also opined that Dr. Hindel incorrectly noted that plaintiff was not complying with her treatment and concluded that plaintiff overused medication.[1] Tr. 19.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is

---

[1] The basis of this opinion is partly based on the ALJ's conclusion that plaintiff did not suffer the degree of pain alleged.

not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

The ALJ's stated reasons for rejecting Dr. Hindel's opinion are inadequate. As noted above, plaintiff's subjective complaints are not unreliable. The ALJ primarily relies on a lack of objective evidence, but a lack of objective evidence alone does not demonstrate a lack of credibility especially given the subjective and idiosyncratic nature of pain.

The ALJ primarily relies on the medical opinion of non-examining medical expert Dr. Debolt who opines that the

objective record does not support plaintiff's alleged level of pain. Tr. 18. But Dr. Debolt also notes, for instance, that degenerative disc disease and arthritis could cause profound pain with very little in the way of objective findings. Tr. 435-36. While Dr. Debolt's opinion does provide a contradictory opinion to that of Dr. Hindel, the ALJ fails to provide specific and legitimate reasons for accepting it over Dr. Hindel's opinion beyond a lack of objective findings. While the ALJ believes Dr. Hindel's opinion is out of line with the record of the specialists, after referral to pain management specialist Dr. Nilaver, Nilaver opined that plaintiff's pain is quite limiting and exacerbated by prolonged walking and standing and she is incapable of performing activities of daily living. Dr. Nilaver noted a morphine pump as a possible treatment option. Tr. 419-24.

The ALJ erred in rejecting plaintiff's allegations of pain and disability as well as her treating physician's opinion of disability. The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would

simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). In addition, where the ALJ improperly rejects a claimant's symptom testimony, and that testimony establishes disability, that testimony is credited as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). As the ALJ noted, plaintiffs' testimony and Dr. Hindel's opinion support disability. Therefore, the record is complete and no further proceedings are necessary.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this **1st** day of **July**, 2005.

*Michael R. Hogan*
UNITED STATES DISTRICT JUDGE